## No. 11,902.

### BASILE ECONOMIDES VS. J. H. HINRICHS ET AL.

In case the City Council grants to any person a lease of a market stall or stand, in the vicinity of a market of the city, revocable at its pleasure, the tenure of the lessee, or of any sub-lessee, is necessarily precarious.

And, in case any stall or stand shall remain unoccupied during three days consecutively, the lessee of the market shall hold the same abandoned and subject to the demand of any other applicant.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*James J. McLoughlin* for Plaintiff, Appellant.

---

*Kerr & Duvigneaud* and *Horace E. Upton, Geo. W. Flynn*, Assistant City Attorney, and *E. A. O'Sullivan*, City Attorney, for Defendants, Appellees.

---

Argued and submitted December 2, 1895.
Opinion handed down January 6, 1896.
Rehearing refused February 10, 1896.

---

The opinion of the court was delivered by

WATKINS, J. This action is for the recovery of three thousand dollars damages against the lessees of the city markets in New Orleans, the Commissioner of Police and Public Buildings and his bondsmen, and the police officer on duty at the market, as trespassers and wrongdoers, bound *in solido.*

From a judgment in favor of defendants the plaintiff has appealed.

His averment is, that he is the owner and proprietor of a certain stand, with counters, fixtures and appurtenances thereunto belonging, situated at the upper end of the French Market, and has operated same for a long time, where he sold cakes, candies, soda-water and confections.

That on or about the 15th of August, 1894, during his absence some of said defendants, assisted by others, forcibly broke open and took possession thereof and his property therein contained, and refuse to return same, although repeatedly demanded of them.

He avers that said unlawful seizure and appropriation of his property was malicious and calculated " to injure him in his business and' in the estimation of the community, and in his own wounded feelings in the full sum herein claimed and set forth."

He alleges that the party making said seizure acted as the agent of the market lessees, and that he has converted the property to his own use and leased the premises to another; and that the commissary of the market aided and assisted in the seizure and occupancy of his stand, acting under the instructions of the Commissioner of Police and Public Buildings.

His estimation of the damages sustained is as follows, to-wit:

First—Actual value of property seized and detained, five hundred dollars.

Second—Loss of trade and business, one thousand dollars.

Third—Loss of credit, etc., one thousand five hundred dollars.

Several answers were filed, generally pleading the general issue. Some of the defendants urge the plea of no cause of action.

The market lessees and Commissioner of Police aver that the acts complained of were performed by them in the exercise of the police power vested in the city of New Orleans and for the promotion of the public health, and that any injury the plaintiff has suffered in consequence thereof is *damnum absque injuria.*

The proof shows that originally permission was given to Paul Mailhes to open and operate a soda water stand at the end of the French market, "revocable at the pleasure of the council." Ordinance No. 6435, C. S., date June 7, 1892. Plaintiff claims to have acquired under Mailhes. But he admitted in his testimony that he afterward sold it to an Austrian, whose name he could not recall, about two years ago; and that afterward " *he gave it back to him.*"

That he subsequently sold it to Mr. Waterman, of the soda water company, and that he subsequently sold it back to him; or, rather, farmed it out to him in the way of a lease.

From the foregoing, and other evidence in the record, it appears that plaintiff possessed a feeble and uncertain tenure to the stand, at best. The right Mailhes acquired from the council was revocable at their pleasure. His occupancy of it was merely occasional, and it was constantly passing from the possession of one to that of another, in such a way as to indicate that the franchise was considered practically of but little value at any time. Frequently it was not in use at all.

The markets of New Orleans are leased under general market ordinance, and the lessees are required to conform with all the requirements specially set forth in Ordinance No. 4155, C. S., entitled "An ordinance for the government of the public markets of the city of New Orleans," Sec. 10 of which provides: "That no person or persons shall be permitted to occupy or control, directly or indirectly, more than two stalls or stands in any one market, and when *any stall or stand shall remain unoccupied during three days consecutively, the lessees of the market shall hold the same as abandoned and subject to the demand of any other applicant,* and in the event the lessee shall refuse, fail or neglect to rent said stand or stall so unoccupied, then, in that event, it shall become the duty of the commissioner of public buildings to lease or rent the same; provided, however, that the stall or stand so vacated shall not be leased to any other than an actual occupant."

It is manifest that under the circumstances the market lessees were charged with the duty of treating the stand of plaintiff as having been abandoned, and subject to the demand of any other applicant.

The lease was revocable at the pleasure of the council; and the plaintiff did not and could not acquire a right in perpetuity.

In our opinion, the court below properly disposed of the cause.

Judgment affirmed.